IN RE ESTATE OF MCQUEEN.

[Cite as In re Estate of McQueen, 4 Ohio Misc. 65.]

(No. 238788—Decided August 26, 1963.)

MOTION TO DISSOLVE APPOINTMENT OF ANCILLARY ADMINISTRATOR: Probate Court of Hamilton County.

DAVIES, J. This matter came before the court upon the motion of The Ohio Casualty Insurance Company, a corporation, to dissolve the appointment of James L. O'Connell as ancillary administrator of the estate of Stevie McQueen, deceased.

The facts in the case disclose that Reba Martin, a minor, through her father, Hawley Martin, both of whom were residents of Kentucky, filed a suit in the Common Pleas Court of Hamilton County against Stevie McQueen, a resident of Indiana, for damages alleged to have been sustained by said minor in a collision alleged to have occurred in Hamilton County between

an automobile in which said minor was a passenger and another automobile negligently driven by the said McQueen. An answer has been filed on behalf of McQueen and the case is at issue in the Common Pleas Court. While the case was at issue, Stevie McQueen died when a resident of Arizona. He left no estate to be administered in Arizona. Under these circumstances, ancillary letters of administration were issued to James L. O'Connell by the Probate Court of Hamilton County under the provisions of Section 2129.04, Revised Code, which provides that when a nonresident decedent leaves property in Ohio, ancillary administration proceedings may be had upon application of any interested person in any county of Ohio in which property of the decedent is located, or in which a debtor of such decedent resides. Such applicant may or may not be a creditor of the estate.

The Ohio Casualty Insurance Company, in support of its motion to dissolve the ancillary administrator's appointment, claims that the decedent, Stevie McQueen, left no property to be administered in the state of Ohio.

Counsel for the minor, Reba Martin, contend that the decedent did leave property in Ohio, *viz.*, a liability insurance policy issued by the movant which was available to pay any judgment which might be rendered against the decedent in the litigation pending against him in the aforementioned Common Pleas Court case.

The Ohio Casualty Insurance Company has cited the case of *In re: Estate of Wilcox*, 73 Ohio Law Abs. 571, as authority to sustain its motion to dissolve the ancillary administration. In this case, the court held that no ancillary administration of a nonresident decedent's estate can be had in Ohio where the application is made by one who is not an interested person, as required by Section 2129.04, Revised Code, and that an automobile insurance policy is not property located in Ohio within the meaning of Section 2129.04, Revised Code, providing for ancillary administration. In the *Wilcox case*, Edwin C. Wilcox was a nonresident of Ohio, died a nonresident of Ohio, and his estate was administered in Denver, Colorado. Prior to his death, he was in an automobile accident in Vinton County, Ohio, in which Charles Shelby, Laura E. Shelby and Zelma Tripp, all three domiciled in Franklin County, Ohio, were in-

volved. At the time of the collision of the automobile driven by Edwin C. Wilcox, deceased, and the automobile in which the Shelbys and Zelma Tripp were riding, Edwin C. Wilcox was insured against liability by the Government Employees Insurance Company of Washington, D. C. Claims were filed on behalf of the Shelbys and Miss Tripp with the administratrix of the estate of Edwin C. Wilcox, deceased, and were rejected for the reason, as set forth in the appellee's brief, that the administration of the estate in Colorado had been closed as of February 13, 1952. An attempt was made to reopen the estate for the purpose of filing these claims, which the Probate Court refused to do. It was asserted by the appellant that this administration in Colorado was commenced on February 6, 1951, and that no attempt was made to file claims until February 15, 1952, at which time the claims were barred against the estate under the provisions of Section 207 of the law of Colorado, which requires that the claims be filed within six months after the issuance of letters. In the ancillary administration in Vinton County, the only possible claim that could be made that the decedent died leaving any property in the state of Ohio, was that he had a right of action against the Government Employees Insurance Company of Washington, D. C. This claim was made by the applicant for ancillary administration who was appointed by the Probate Court as such administrator, and the statement in lieu of inventory sets forth this exact representation. The court in the *Wilcox case* was careful to point out that no suit had been instituted against the decedent in his lifetime in Vinton County, growing out of the automobile collision while driving through Vinton County and that with the death of Edwin C. Wilcox the possibility of suit against him in Vinton County, along with the possibility of his right to be defended, ceased to exist. The court pointed out the differences of facts in the *Wilcox case* and those in the case of *Robinson* v. *Dana's Estate*, 87 N. H. 114, 174 A. 772, 94 A. L. R. 1437.

In the *Robinson case*, the appellant claimed that his intestate's death was caused by the negligence of the driver of an automobile, of whose estate he sought the appointment of an administrator, so that he might bring action upon his claim of liability. The driver of the car was covered by liability insurance. The New Hampshire law provided that administra-

tion could be had on a decedent nonresident's estate in any county in New Hamphshire where he had an estate. An injured nonresident in New Hampshire, as in Ohio, had the right to institute a suit in the New Hampshire county in which an automobile accident occurred and in the *Robinson case* such a proceeding had been instituted. The court in considering if the tort-feasor had an estate in New Hampshire to justify the appointment of an administrator held that the Probate Court has jurisdiction to appoint an administrator of a deceased wrongdoer in order that the injured party, or if dead his administrator, may bring action for the wrong when satisfaction thereof in whole or in part has been promised by a third party who at the time of the promisor's death was within the jurisdiction, although the decedent wrongdoer has no estate of a general character; that "appointment or refusal to appoint [an administrator] does not depend upon the probable merits of the decedent's claim but if anyone having a proper interest therein desires to assert it an appointment should be made"; that "while as regards their ownership, debts have no locality separate from the person to whom they are due, yet in respect to their enforcement they follow the person of the debtor"; and that "where the person who has promised to indemnify a deceased tortfeasor may be sued in the county where administration of the tortfeasor's estate is sought, the promise is 'estate' therein within the meaning of P. L., c. 293, §8," which provides that: "Probate of the will and granting administration on the estate of a person deceased shall belong to the judge [of probate] for the county in which such person was last an inhabitant; but if such person was not an inhabitant of this state the same shall belong to the judge for any county in which such person had estate, or in which the personal representative or kin of such person has a cause of action."

Other cases which follow the decision in the *Robinson case* in holding that the protection afforded to a decedent under a policy of insurance for indemnity or against liability dependent upon the establishment of a liability against him or his estate constitutes assets within the state to justify the appointment in that state of an administrator for his estate, against whom the suit for tort of the decedent may be instituted, are: *Furst v. Brady*, 375 Ill. 425, 31 N. E. 2d 606, 133 A. L. R. 558; *Gordon*

v. *Shea*, 300 Mass. 95, 14 N. E. 2d 105; *New England Mut. L. Ins. Co.* v. *Woodworth*, 111 U. S. 138, 28 L. Ed. 379; *Lancashire Ins. Co.* v. *Corbetts*, 165 Ill. 592, 46 N. E. 631; *Charles Friend & Co.* v. *Goldsmith & S. Co.*, 307 Ill. 45, 138 N. E. 185; *Immel* v. *Travelers Ins. Co.*, 373 Ill. 256, 26 N. E. 2d 114; *Bates* v. *Sylvester*, 205 Md. 493, 104 S. W. 73; *Power, Adm'r.,* v. *Plummer, Anc. Admr.*, 93 N. H. 37, 35 A. 2d 230.

In insurance policy in legal contemplation is "property." *Sullivan* v. *Union Oil Co.*, 16 Cal. 2d 229, 106 P. 2d 922.

The term, "property," includes everything which is subject to ownership whether corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal, choses in action and everything with exchangeable value or going to make up one's wealth or estate. *Button* v. *Drake*, 302 Ky. 517, 195 S. W. 2d 66.

The word, "property," is *nomen generalissimum*, and extends to every species of valuable right and interest, including real and personal property, easement, franchises, and other incorporeal hereditaments. In law and in the broadest sense, "property" means "a thing owned," and is therefore applicable to whatever is the subject of legal ownership. It is divisible into different species of property including physical things, such as lands, goods, money; intangible things, such as franchises, patent rights, copyrights, trade-marks, trade names, business good will, rights of action, etc; and embraces anything and everything which may belong to a man and in the ownership of which he has a right to be protected by law. 34A Words and Phrases 129.

Section 2129.04, Revised Code, provides that "When a nonresident decedent leaves property in Ohio, ancillary administration proceedings may be had upon application of any interested person in any county in Ohio in which is located property of the decedent, or in which a debtor of such decedent resides. Such applicant may or may not be a creditor of the estate. The ancillary administration first granted shall extend to all the estate of the deceased within the state, and shall exclude the jurisdiction of any other court."

After considering the laws and authorities hereinbefore reviewed, we conclude that the protection afforded to a decedent under a policy of insurance for indemnity or against liability,

dependent upon the establishment of a liability against him or his estate, constitutes property to support ancillary administration proceedings under the provisions of Section 2129.04, Revised Code, although the decedent leaves no other estate to be administered in Ohio.

We also hold that when an injured party has brought an action in Ohio against an insured nonresident tortfeasor for damages arising out of an automobile collision and service has been made upon said tortfeasor who dies during the pendency of such action, the injured party is an interested party who can apply for ancillary administration of said nonresident's estate under the provisions of said section.

The motion of The Ohio Casualty Insurance Company to dissolve the appointment of the Ancillary Administrator of the estate of Stevie McQueen, deceased, therefore, will be overruled.

*Motion overruled.*