MEINBERG ET AL., APPELLANTS, *v.* GLASER, EXR., APPELLEE.

(No. 41180—Decided May 15, 1968.)

*Messrs. Lindhorst & Dreidame,* and *Mr. Leo J. Breslin,* for appellee.

*Mr. E. Allen Parker, Messrs, Goldman, Cole & Putnick* and *Mr. Douglas G. Cole,* for appellants.

TAFT, C. J. The last paragraph of Section 2117.07, Revised Code, was added to that statute by amendment, effective August 9, 1963.[1] It specifically refers to Section 2305.10, Revised Code, which provides that "an action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Thus, the part of the paragraph so added to Section 2117.07, Revised Code, and which appears before the word "provided," unmistakably specifies that nothing in Sections 2117.06 or 2117.07, Revised Code, is to reduce that two-year time within which such an action may be brought.

Hence, this part of that paragraph expresses a clear legislative intention that the time requirements of Sections 2117.06 and 2117.07, Revised Code, for filing claims against the estate and the provisions in those statutes for barring claims not filed within those times, are not to reduce the two-year time within which such an action may be brought.

Of course, the proviso in the paragraph added by the 1963 amendment to Section 2117.07, Revised Code, does limit the applicability of that amendment so that "no portion of any recovery on a claim" for bodily injury or injuring personal property[2] is to "come from the assets of an estate."

It is contended that the decedent's automobile liability

---

[1] Undoubtedly, this amendment was inspired by our decision in *Redifer Bus Co.* v. *Lumme* (1961), 171 Ohio St. 471, 172 N. E. 2d 304.

[2] The amendment uses the words "claim brought pursuant to such section," *i. e.*, Section 2305.10, Revised Code. Obviously, a claim or an action for bodily injury or injuries to personal property is not brought pursuant to that statute of limitations but it is just as clear, from the words used by the General Assembly, that it expressed an intent to refer to a "claim described in Section 2305.10, Revised Code," as though it had used those specific words.

insurance policy represents one of the assets of the estate and that, since no portion of any recovery can come from an estate asset, there can be no recovery because the plaintiffs' claims have not, to use the words of the amended paragraph, "been presented against the estate in accordance with Chapter 2117."

Such an interpretation of the language used by the General Assembly would render meaningless the paragraph added to Section 2117.07, Revised Code, by the 1963 amendment.

The words "assets of an estate" of a decedent may frequently be construed to include an automobile liability insurance policy of a decedent, especially where there are valid claims against the decedent at the time of his death that are covered by such insurance and such claims have been filed in writing with the executor or administrator within four months of his appointment, or, with permission of the Probate Court, within nine months thereof. In such case, the policy will enable payment of those claims if they are allowed or established as valid. The result will necessarily be more assets available for payment of other creditors of the estate and for distributions therefrom than would have been available in the absence of such a policy of insurance. See *In re Estate of McQueen* (Probate Court, Hamilton County, 1963), 4 Ohio Misc. 65, 210 N. E. 2d 157.

However, a reading of the whole of Section 2117.07, Revised Code, as amended in 1963, discloses a legislative intention not to have the words "assets of the estate" of a decedent, as used in the last paragraph thereof, include an automobile liability insurance policy of the decedent where no claim covered by such insurance has been filed within the four- or nine-month periods specified in Sections 2117.06 and 2117.07, Revised Code, for filing claims.

Thus, in the paragraph identified in the quotation in the statement of facts of this case from Section 2117.07, Revised Code, as [3], the words, "assets of the estate," are used twice. Those words are used nowhere else in Sections 2117.06 or 2117.07, Revised Code, except in the proviso in the last paragraph of Section 2117.07.

The words of that paragraph [3] of Section 2117.07, indicate a clear legislative intent as to the meaning to be given the words "assets of the estate." Those words, in effect, define "assets of the estate" as including only assets (1) which "may lawfully" be "paid out or distributed" by the executor or administrator or (2) from which "payment or distribution" may be made to "creditors, legatees, and distributees" or to a surviving spouse or (3) which may be lawfully sold or otherwise encumbered or disposed of by the executor or administrator.

The policy of insurance involved in the instant case is not that kind of an asset. We are not confronted with the problem which might arise if some other claimant whose claim was covered by that policy had filed his claim within the four-month period specified in Section 2117.06, Revised Code, or, with Probate Court permission, within the nine-month period specified in Section 2117.07, Revised Code. In such an instance, the policy might, to the extent required to satisfy such a claim, represent an asset of the estate within the meaning of those words as used in Section 2117.07, Revised Code.

We conclude that, where it does not appear that any claim covered by an automobile liability insurance policy of a decedent has been filed against the estate of the decedent within the four-month period specified in Section 2117.06, Revised Code, or as provided in and within the nine-month period specified in Section 2117.07, Revised Code, such policy is not an asset of the estate of that decedent within the meaning of those words as used in Section 2117.07, Revised Code.

Thus, where it is alleged in an action for bodily injuries and property damage that such injuries and damage were proximately caused by the negligence of a decedent and that he had a policy insuring him against liability for such negligence and it does not appear that any other claims covered by such insurance have been asserted, such action may be brought against the executor or administrator of such decedent at any time within two years after the cause thereof arose without presenting a claim against

the estate within the four-month time specified in Section 2117.06, Revised Code, or as provided in and within the nine-month time specified in Section 2117.07, Revised Code.

It is argued that no procedural safeguards exist to implement such a holding. As our statement of that holding indicates, a plaintiff who seeks to avoid the claim requirements and the four- and nine-month time limitations of Sections 2117.06 and 2117.07, Revised Code, must allege and prove that there is something other than an asset of the estate, such as liability insurance,[3] against which any

---

[3]Sections 3929.05 and 3929.06, Revised Code, indicate that there may be recovery on a judgment against an administrator or executor on such insurance. Section 3929.05, reads:

"Whenever a loss or damage occurs on account of a casualty covered by a contract of insurance made between an insurance company and any person, firm, or corporation, by which contract such person, firm, or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm, or corporation is responsible, the liability of the insurance company is absolute, and the payment of said loss does not depend upon the satisfaction by the assured of a final judgment against him for loss, damage, or death occasioned by such casualty.

"No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after said assured has become responsible for such loss, damage, or death, and any such cancellation or annullment is void."

Section 3929.06, Revised Code, reads:

"Upon the recovery of a final judgment against any firm, person, or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, or for loss or damage to a person on account of bodily injury to his wife or minor child or children, if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest is entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment. If the judgment is not satisfied within thirty days after it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file a supplemental petition in the action in which

judgment rendered in his favor may be enforced. The judgment of the trial court can then specifically limit its enforcement to that something other than an asset of the estate. The trial court can readily avoid any risk of the jury finding out that recovery on any judgment is to be limited to something other than an asset of the estate, such as liability insurance. Evidence as to the availability of such an asset can be offered and received out of the presence of the jury. Although the pleadings will disclose the limited source for payment on the judgment, it is not necessary to submit the pleadings to the jury. Compare, *Indianapolis & Southeastern Trailways, Inc., v. Cincinnati Street Ry. Co.* (1957), 166 Ohio St. 310, 142 N. E. 2d 515. As has been frequently pointed out, the trial court's charge should always define to the jury the issues which they are to consider, and merely sending the pleadings which raise those issues to the jury will not serve as a substitute for doing so. See also *Telinde* v. *Ohio Traction Co.* (1923), 109 Ohio St. 125, 141 N. E. 673; *Baltimore & Ohio Rd. Co.* v. *Lockwood* (1905), 72 Ohio St. 586, 74 N. E. 1071; *Uncapher* v. *Baltimore & Ohio Rd. Co.* (1933), 127 Ohio St. 351, 188 N. E. 553 (paragraph five of the syllabus).

It is contended further that, to construe the 1963 amendment to Section 2117.07, Revised Code, as plaintiffs contend it should be construed, would be contrary to Section 10 of Article I of the Constitution of the United States prohibiting any state from passing a "law impairing the obligation of contracts" and contrary to Section 28 of Article II of the Ohio Constitution prohibiting "retroactive laws, or laws impairing the obligation of contracts."

It is sufficient to point out that there is nothing in the record as to the date of the insurance policy involved. The automobile accident involved occurred more than ten

said judgment was rendered, in which the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action."

months after the effective date of the 1963 amendment to Section 2117.07, Revised Code. There is nothing in the record to indicate that the policy was not written after that effective date.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings.

*Judgment reversed.*

MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

ZIMMERMAN, J., dissents for the reason that the last paragraph of Section 2117.07, Revised Code, added by amendment in 1963, is ambiguous and confusing in its wording, especially when read in connection with the first part of that statute and with related statutes, and is given an interpretation in the majority opinion which the language used does not permit. If the General Assembly intended what the majority opinion says it intended, let that body express itself in clearer and more definite terms.