IN RE ESTATE OF KENNEDY.

(No. 87AP-401—Decided
March 8, 1988.)

*Daniel J. Igoe,* for appellants.
*Darrell E. Fawley, Jr.,* for appellee.

WHITESIDE, P.J. This is an appeal from a judgment of the Probate Division of the Franklin County Court of Common Pleas denying the motion of appellants Charles and Margaret Guthrie for relief to present a late claim against the Estate of Shirley Ann Kennedy because appellant Charles Guthrie suffers from a legal disability as a result of diminished mental capacity.

In support of their appeal, appellants raise three assignments of error as follows:

"I. The trial court erred to the extent that it did not sustain petitioners' application to file a late claim against the estate and order that the estate remain open and the administrator remain qualified for purposes of accepting service of summons in petitioners' pending action for damages.

"II. The trial court erred in not finding that section 2305.16 R.C. tolls the time within which appellants' claims must be presented against the estate.

"III. The trial court erred in holding that appellant was required to present his claim within the four month limitation set forth in section 2117.07 R.C."

The matter was referred to a referee in the probate court whose report was adopted by the trial court. The facts in the trial court were stipulated except that the parties reserved the right to present evidence upon the issue of the legal disability of appellant Charles Guthrie should that become the determining factor.

Appellee Barbara E. Bunker is the Executrix of the Estate of Shirley Ann Kennedy who died testate on March 12, 1984. Appellants are plaintiffs in an action styled *Martha Guthrie* v. *City of Columbus,* which is pending in the general division of the Franklin County Court of Common Pleas. By this complaint, plaintiffs seek damages for personal injuries arising out of an assault upon plaintiff Charles Guthrie in 1982 at an establishment known as Earl's Bar. The complaint alleges that Shirley Ann Kennedy was an owner of Earl's Bar and the entity, Stop, Inc., which does business as Earl's Bar. This action was not filed until more than two years after the death of Kennedy. Shortly after the commencement of that action, the death of Shirley Ann Kennedy was suggested therein. As a result, the instant application for leave to file a late claim was filed. The only justification for filing a late claim is the alleged disability of appellant Charles Guthrie.

R.C. 2117.06(B) requires that all claims against an estate be presented to the executor in writing within three months after the date of appointment of the executor. R.C. 2117.07 provides for the filing of a late claim against the estate under certain conditions. The application herein, denied by the probate court, was one pursuant to that section. One of the bases for allowing a late filing is the legal disability of the claimant during any part of the period for filing of the claim. However, even though R.C. 2117.07 at first provides for the granting of permission to file a

late claim, the second paragraph of Section (C) provides that:

"A claim that is not presented within four months from the appointment of the executor or administrator shall be forever barred as to all parties, * * * and no payment shall be made nor any action maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code, with reference to contingent claims."

R.C. 2117.37 to 2117.42 have no application herein. However, there is a further provision in R.C. 2117.07, namely, the last paragraph of Section (C), which provides as follows:

"Nothing in this section or in section 2117.06 of the Revised Code shall reduce the time mentioned in section 2125.02, 2305.09, 2305.10, 2305.11, or 2305.12 of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to any of those sections shall come from the assets of an estate, unless the claim has been presented against the estate in accordance with Chapter 2117. of the Revised Code."

R.C. 2305.16 provides for the tolling of statutes of limitations if the person entitled to bring the action is of unsound mind at the time the cause of action accrues. However, as the probate court pointed out, R.C. 2117.07 is not one of the statutes specifically referred to in R.C. 2305.16 as being tolled. Nor is there any provision in R.C. 2117.06 or 2117.07 or otherwise in R.C. Chapter 2117, making the tolling provisions of R.C. 2305.16 applicable to the presentment of claims against an estate, which would be facially inconsistent with the above-mentioned provision of R.C. 2117.07, dealing with extension of the time for filing because of legal disability, but limiting such extension to one month.

Nevertheless, appellants rely upon *Meinberg v. Glaser* (1968), 14 Ohio St.

2d 193, 43 O.O. 2d 296, 237 N.E. 2d 605, *In re Estate of George* (1970), 24 Ohio St. 2d 18, 53 O.O. 2d 10, 262 N.E. 2d 872, and *Heuser* v. *Crum* (1972), 31 Ohio St. 2d 90, 60 O.O. 2d 56, 285 N.E. 2d 340. Those cases, however, do not pertain to the filing of claims seeking to subject assets of an estate to the payment of a claim filed more than four months after the appointment of the executor, but, instead, pertain to assertion of claims with respect to an automobile liability insurance policy insuring against the negligence of the decedent which is the predicate of the claim. The syllabus of *Heuser, supra,* states as follows:

"1. Where it does not appear that any claim covered by an automobile liability insurance policy of a decedent has been filed against the estate of the decedent within the period specified in R.C. 2117.06, or as provided in and within the time specified in R.C. 2117.07, such policy is not an asset of the decedent's estate within the meaning of R.C. 2117.07. (Paragraph two of the syllabus in *Meinberg* v. *Glaser,* 14 Ohio St. 2d 193, approved and followed.)

"2. Where it is alleged in an action for bodily injuries that such injuries were proximately caused by the negligence of a decedent and that he had a policy of insurance insuring him against liability for such negligence, and it does not appear that any other claims covered by such insurance have been asserted, such action may be brought against the executor or administrator of such decedent, and decedent's liability insurer, at any time within the statute of limitations on such actions without presenting a claim against the estate within the time specified in R.C. 2117.06 or R.C. 2117.07, and timely service of summons upon the insurer-defendant is sufficient to commence the action."

Although one of the objections to

the referee's report in the probate court was that no provision was made permitting the filing of a claim against the estate to the extent of available insurance coverage, that objection was overruled. Appellee suggests that this was not error because the petition did not specifically seek such relief or allege that there is such an insurance policy.

Obviously, no automobile liability insurance policy is involved since this is not an automobile accident, but, instead, an assault in connection with a business. Whether or not any liability insurance exists, however, is not clear. Additionally, we see no reason for a different rule with respect to liability insurance coverage, if available, with respect to operation of a business from that with respect to automobile liability insurance insofar as the assertion of a claim against an estate is concerned. In any event, the claim is limited to the liability policy proceeds and may not be collected from the assets of the estate.

Addressing, however, more specifically the issues raised by the assignments of error, the probate court did not err to the extent that that court found that R.C. 2117.06 and 2117.07 preclude granting of the application of appellants to file the late claim to the extent that such application attempts to subject assets of the estate to payment of the claim, since the petition was filed more than four months after the appointment of the executor. As we have indicated above, R.C. Chapter 2117 controls over R.C. 2305.16, to the extent that there be a conflict, since R.C. Chapter 2117 pertains specifically to filing of claims against an estate in probate court whereas R.C. 2305.16 pertains primarily to bringing actions against persons with respect to claims asserted against them. Accordingly, the second and third assignments of error are not well-taken.

The first assignment of error, however, presents a slightly different problem. This assignment of error is well-taken to the extent that a claim may be asserted seeking to recover against the decedent's liability insurance, if any, since relief was specifically sought by the objections to the referee's report and, presumably, denied by the trial court by overruling the objections without further comment. Pursuant to *Meinberg, Heuser* and *George, supra,* it is appropriate for appellants to pursue their action against the appellee-executrix seeking recovery solely from available insurance proceeds rather than from the assets of the decedent's estate.

Although appellee contends that relief should be denied until it be proved such an insurance policy exists, this is not a matter within the knowledge of appellants but, rather, a matter solely within the knowledge of appellee until divulged to appellants. We find no contention or indication by the appellee-executor that there be no such liability insurance policy which could be applicable to appellants' claims which were asserted against the decedent Kennedy.

Accordingly, the first assignment of error is not well-taken with respect to any claim that appellants may assert against the assets of the estate, but is well-taken with respect to the claim to the extent it is covered by a liability insurance policy of the decedent. The order of the trial court should have specified that although the application for leave to file a late claim against the assets of the estate was denied, such denial of assertion of a claim against the assets of the estate itself does not preclude appellants from pursuing their claim against the executrix with respect to any available liability insurance coverage of the decedent. Unfortunately, the record does not reflect whether such liability insurance cover-

age exists, regardless of whether it be contended that it not be applicable to cover appellants' claims.

Accordingly, the first assignment of error is sustained in part and overruled in part, and the remaining two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Probate, is modified by the addition of a provision that the denial of the petition to assert a late claim against the assets of the estate does not preclude appellants from pursuing an action against the executrix of the estate with respect to any available liability insurance policy, and this cause is remanded to that court for implementation of such modification.

*Judgment modified and cause remanded with instructions.*

BRYANT and BOWMAN, JJ., concur.