**ALLIED MOULDED PRODUCTS, INC., Appellee,**

v.

**KEEGAN, Appellant.**

[Cite as *Allied Moulded Prod., Inc. v. Keegan* (1992), 81 Ohio App.3d 424.]

Court of Appeals of Ohio,
Williams County.

No. 91WM000025.

Decided June 19, 1992.

*James Hensal,* for appellee.

*Stephan M. Gabalac,* for appellant.

SHERCK, Judge.

This is an appeal from a grant of summary judgment issued by the Williams County Court of Common Pleas in favor of an employer-insurer, which sought to recover monies from its insured under the subrogation provisions of its insurance policy. Because we find that under the language of the insurance policy at issue the employer-insurer was not entitled to recover from its insured, we reverse the decision of the trial court.

Appellant is Jackie Ann Keegan who, in 1986, was an employee of appellee Allied Moulded Products, Inc. As a result of her employment, appellant and appellant's family were insured under appellee's "Group Health Plan." Appellee, Allied Moulded Products, Inc., was a self-insurer.

In October 1986, appellant and her son were injured in an automobile accident due to the negligence of an uninsured driver. Appellee, pursuant to its insurance policy for the group health plan, paid approximately $11,000 of appellant's $12,000 medical and associated expenses. Although no recovery was had from the uninsured tortfeasor, appellant did receive $50,000 as the result of uninsured/underinsured coverage provided by her automobile insurance with State Farm Mutual Automobile Insurance Company.

Appellee asserted that because of the terms of the subrogation clause of its group health plan policy it was entitled to reimbursement out of the funds appellant received from State Farm for the monies it had expended on appellant's medical expenses. Appellee demanded payment, but appellant refused. Appellee then brought suit against appellant to recover the $11,000. Appellant answered by denying liability under the policy. Both parties moved for summary judgment.

On August 20, 1991, the trial court entered its decision on the motions, granting summary judgment to appellee and denying same to appellant. From this order appellant perfected this appeal asserting a single assignment of error:

"The trial court erred in granting Plaintiff-Appellee's Motion for Summary Judgment requiring Defendant-Appellant to subrogate Appellee for a first

party insurance recovery when Appellee only required subrogation, in its self-insurance program, from the Appellant for third party recoveries."

The rules governing motions for summary judgment pursuant to Civ.R. 56 are well established. Three factors must be demonstrated:

"(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

The parties agree on the material facts in this matter. The only question is whether the subrogation clause of appellee's group health plan requires, as a matter of law, that appellant reimburse appellee out of monies she received from her uninsured/underinsured motorists coverage.

The contractual provisions upon which appellee based its claim are (1) a clause titled "Reimbursement Provisions," and (2) a rider entitled "Miscellaneous Provisions," which essentially follows the language of the "Reimbursement Provision." The "Reimbursement Provision" provides:

**"Reimbursement Provision**

"If you or your covered dependent incurs covered medical expenses due to sickness or accidental injury that was caused by the act or omission of another person, you or your covered dependent must—

"reimburse the Plan or it's [*sic*] assignees for the amount of benefits provided, immediately upon collection of damages, whether by settlement, judgement, or otherwise, and

"provide the Plan or its assignee with a lien and order directing reimbursement of covered medical benefits provided.

"The lien and order may be filed with the person whose act caused the sickness or injury, his or her agent, the court, or your or your covered dependent's attorney.

"A representative of the Plan or its assignee shall have the right to intervene in any suit or other proceedings to protect the reimbursement rights under this Plan."

The language of the rider is as follows:

**"MISCELLANEOUS PROVISIONS**

**"(Applicable only to Basic Health and Major Medical Coverage)**

**"Acts of Third Parties**

"If a covered person is injured through the act or omission of another person, the Plan shall provide the benefits available only on the condition that the covered person shall agree in writing:

"(a) to reimburse the Plan to the extent of benefits provided, immediately upon collection of damages by him, whether by legal action, settlement, or otherwise, and

"(b) to provide the Plan with an Assignment of Benefits, to the extent of benefits provided under the Plan. The Assignment of Benefits shall be filed with the person whose act caused the injuries, his insurer, the court, or the provider of the services."

Appellant raised several arguments before the trial court. First, appellant argued that the contractual provisions in question clearly contemplate reimbursement from funds paid by third parties. State Farm was a first-party payor; therefore, no reimbursement was required. Second, appellant emphasized that compensation was not received from a tortfeasor as contemplated in the policy but from appellant's own insurance carrier. Therefore, appellant maintained no reimbursement was required. Finally, appellant contended that the $50,000 received from State Farm was for appellant's pain and suffering only. And, for that reason, appellant was not required to reimburse appellee.

The trial court rejected all of appellant's arguments stating, " * * * the source of [appellant's] recovery is immaterial, whether it is from the tortfeasor personally, the insurance carrier of the tortfeasor or the employee's insurance carrier from uninsured motorist coverage. The [appellant] was obligated to rimburse [sic] the plan upon collection of damages by legal action, settlement or otherwise." (Emphasis sic.)

While, as appellant properly points out, insurance policies should be construed liberally in favor of the insured, Gibbons v. Metro. Life Ins. Co. (1939), 135 Ohio St. 481, 486, 14 O.O. 387, 389–390, 21 N.E.2d 588, 591, these policies are contracts and the purpose of contract construction is to effectuate the intent of the parties. Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, at paragraph one of the syllabus. Where a contract contains ambiguous words or terms, courts will determine the meaning of these terms, Mr. Mark Corp. v. Rush, Inc. (1983), 11 Ohio App.3d 167, 169, 11 OBR 259, 261, 464 N.E.2d 586, 589, common words appearing in a written instrument are to be given their plain and ordinary meaning. Alexander v. Buckeye Pipeline Co. (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, at paragraph two of the syllabus.

Purged of its surplusage, the contract clause at issue provides, "If you * * * incur[ ] covered medical expenses * * * caused by the act * * * of

another * * * you * * * must reimburse the plan * * * for the amount of benefits provided * * * upon collection of damages, whether by settlement, judgement, or otherwise * * *." The trial court mistakenly focused on the last six words of this clause and concluded that the parties had agreed to reimbursement of monies received from any source. In fact the event which precipitates reimbursement to the plan is not the receipt of monies, but the receipt of specific monies: damages.

"Damages" is not defined in the policy. The rules of construction then dictate we give the word its plain and ordinary meaning. "Damages," in the plural, is defined as "compensation in money imposed by law for loss * * *," Webster's New Collegiate Dictionary (9 Ed.1990) 323, and "[m]onetary compensation that may be recovered in court by someone who has suffered injury * * * through an unlawful act or omission of another." Statsky, West's Legal Thesaurus and Dictionary (1985) 206. This court has stated, " '[d]amages' has been defined as the pecuniary compensation paid by a wrongdoer for the losses suffered by an injured person." *Meek v. Gem Boat Service, Inc.* (1990), 69 Ohio App.3d 404, 409, 590 N.E.2d 1296, 1299, citing *Cincinnati v. Hafer* (1892), 49 Ohio St. 60, 67, 30 N.E. 197, 199; *Greer v. Knox Cty. Bd. of Commrs.* (1927), 33 Ohio App. 539, 169 N.E. 709; *Drayton v. Jiffee Chem. Corp.* (N.D.Ohio 1975), 395 F.Supp. 1081.

Our examination of each of the definitions of "damages" reveals that it is contemplated there be a tortious activity and that the tortfeasor, by operation of law, be liable to the injured party. This definition is consistent with our reading of the disputed clause in its totality. There is nothing in the language of the clause which indicates that appellee intended to seek reimbursement from any person or entity other than a tortfeasor or the tortfeasor's insurer. Thus, the monies appellant received from her own insurer were not "damages" subject to reimbursement to appellee. It was simply a monetary payment made pursuant to an independent contract.

Appellee asserts that to allow appellant to keep benefits from both appellee's policy and appellant's uninsured coverage would amount to double recovery. However, it is by no means clear that this is true. Even if this did amount to double recovery, we are not aware of any overarching policy which would proscribe the acceptance of benefits from two insurance policies where one has contracted for and paid separately for each.[1] See *Grange Mut. Cas. Co. v. Lindsey* (1986), 22 Ohio St.3d 153, 22 OBR 228, 489 N.E.2d 281.

---

**1.** The record does not show whether appellee's group health plan required any payment by employees, but even if none were required, the coverage was provided as part of the employee's compensation package and, therefore, valid consideration exists.

In conclusion, there are no issues of material fact in this case. Following the standards set forth in *Harless, supra,* one of the parties was entitled to judgment as a matter of law, but that party was appellant rather than appellee. Accordingly, appellant's assignment of error is well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining. Pursuant to App.R. 12(B), the judgment of the Williams County Court of Common Pleas is reversed and summary judgment is entered in favor of appellant.

*Judgment reversed.*

ABOOD and MELVIN L. RESNICK, JJ., concur.