CSIK, Appellee,

v.

**BLUE CROSS & BLUE SHIELD OF OHIO, Appellant.**

[Cite as *Csik v. Blue Cross & Blue Shield of Ohio* (1996), 109 Ohio App.3d 9.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69125.

Decided Jan. 29, 1996.

*James E. Barker Co., L.P.A.,* and *James E. Barker,* for appellee.

*Wolkin & Zoller* and *John D. Zoller,* for appellant.

NAHRA, Presiding Judge.

Appellant, Blue Cross and Blue Shield of Ohio ("Blue Cross"), is appealing the trial court's grant of summary judgment in favor of appellee, Steve Csik. For the following reason, we affirm.

Appellee subscribed to appellant's health care plan. Appellee was injured in an automobile accident with an uninsured motorist, due solely to the uninsured driver's negligence. Blue Cross paid the medical bills arising from the accident, totalling $3,769.96.

Appellee recovered on an uninsured motorist claim with his automobile insurance carrier, Grange Mutual Casualty Company. Blue Cross notified appellee that it was asserting its subrogation rights under the health insurance contract to any recovery from the uninsured motorist claim. Appellee filed a complaint for declaratory judgment asserting ·that Blue Cross does not have a right of

subrogation to money appellee received from appellee's uninsured motorist carrier.

■ Appellant's sole assignment of error states:

"The trial court erred when it improperly granted plaintiff Csik's motion for summary judgment because, as a matter of law, defendant Blue Cross is entitled to subrogation as to amounts plaintiff Csik received from his uninsured motorist's insurance carrier and particularly from the medical payments portion of such policy of insurance."

■ A health insurer that has paid medical benefits to its insured is subrogated to the rights of the insured to recover from the insured's uninsured motorist coverage if the terms of the health insurance policy specifically provide for such subrogation. *Blue Cross & Blue Shield Mut. of Ohio v. Hrenko* (1995), 72 Ohio St.3d 120, 647 N.E.2d 1358. If the language of the policy limits subrogation to subrogation against the tortfeasor or the tortfeasor's insurer, then the health insurer cannot be subrogated to the insured's rights under the insured's uninsured motorist policy. *Allied Moulded Products, Inc. v. Keegan* (1992), 81 Ohio App.3d 424, 611 N.E.2d 377. Where the health insurance contract is ambiguous as to whether subrogation may be had only against the tortfeasor and his insurer or whether subrogation may be had against the insured's uninsured motorist carrier, the contract must be strictly construed against the drafter. *Salyer v. Farmers Ins. of Columbus, Inc.* (Sept. 27, 1994), Franklin App. No. 94APE03–313, unreported, 1994 WL 532116. See, generally, *Lester v. State Farm Mut. Auto. Ins. Co.* (1989), 64 Ohio App.3d 52, 580 N.E.2d 793.

The subrogation provision in the Blue Cross insurance policy states:

"**SUBROGATION**

"**WHAT IT IS**

"Subrogation allows Ohio Med (Blue Cross) to recover money it pays on your behalf when another insurer is responsible for providing coverage. For example, if you are injured in an auto accident and the other driver's insurance pays your medical expenses, Ohio Med can recover any money it has also paid for the same medical expenses.

"**HOW IT WORKS**

"The Ohio Med administrator is subrogated to all rights of recovery the member may have for injury or illness caused by the negligence of third parties. Payment of benefits are also conditional upon the member's agreement to reimburse Ohio Med for any benefits paid, should the member recover damages or compensation directly from a responsible third party."

The last sentence of this provision is ambiguous and may be read as limiting subrogation rights to subrogation against a tortfeasor or the tortfeasor's insurer. This last sentence states that the insured only needs to reimburse Blue Cross should the insured "recover damages or compensation directly from a responsible third party." "Damages" has been defined as the pecuniary compensation paid by the wrongdoer for the losses suffered by any person. *Allied Moulded Products, supra.* "Compensation" is an ambiguous term that may be construed narrowly as damages paid by a wrongdoer, or may be construed broadly as "giving an equivalent or substitute of equal value." Black's Law Dictionary (6 Ed.1990) 283. Because the term "compensation" is susceptible of two meanings, this court must choose the meaning in favor of the insured and against the drafter. Thus, appellee will never receive damages or compensation from his uninsured motorist carrier, because the carrier is not a wrongdoer. By the terms of the policy, appellee does not have to reimburse appellant for money received from his uninsured motorist carrier.

Additionally, "responsible third party" is also an ambiguous term. "Responsible" may mean "liable to be called upon to answer" or "liable to be called to account as the primary cause, motive or agent." Webster's New Collegiate Dictionary (1976) 986–987; see, also, Black's Law Dictionary (6 Ed.1990) 1312. We note that a case outside this jurisdiction held that language in a subrogation clause referring to the "responsible third party" does not include a right of subrogation against an entity that is not the wrongdoer causing the injury. *Employer's Health v. Gen. Cas. Co.* (1991), 161 Wis.2d 937, 469 N.W.2d 172. If we interpret the term "responsible third party" in favor of the insured, the uninsured motorist carrier is not a responsible third party because the carrier was not the primary cause of the accident. Appellee did not recover from a responsible third party, and by the terms of the policy, does not have to reimburse appellant.

When the ambiguous terms of the Blue Cross policy are construed in favor of the insured, the policy does not provide for subrogation against appellee's uninsured motorist carrier. The trial court did not err in granting summary judgment in favor of appellee.

Accordingly, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KARPINSKI and TIMOTHY E. MCMONAGLE, JJ., concur.