RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0283p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

BARBARA BENNETT; ROBERT BENNETT,
                    *Plaintiffs-Appellants*,

    *v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
                    *Defendant-Appellee*.

No. 13-3047

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:12-cv-00207—John R. Adams, District Judge.

Decided and Filed: September 24, 2013

Before: COLE, KETHLEDGE, and STRANCH, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:** Mark C. Willis, Matthew L. Rizzi, Jr., WILLIS & WILLIS CO., L.P.A., Akron, Ohio, for Appellants. Richard M. Garner, DAVIS & YOUNG, Westerville, Ohio, Gregory H. Collins, DAVIS & YOUNG, Akron, Ohio, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge. There are good reasons not to call an opponent's argument "ridiculous," which is what State Farm calls Barbara Bennett's principal argument here. The reasons include civility; the near-certainty that overstatement will only push the reader away (especially when, as here, the hyperbole begins on page one of the brief); and that, even where the record supports an extreme modifier, "the better practice is usually to lay out the facts and let the court reach its own conclusions." *Big Dipper Entm't, L.L.C. v. City of Warren*, 641 F.3d 715, 719 (6th Cir. 2011). But here

the biggest reason is more simple:  the argument that State Farm derides as ridiculous is instead correct.

On November 9, 2010, Barbara Bennett was walking her dog along Birchwood Road in Garfield Heights, Ohio.  She was struck on the left knee by a 2010 Ford Fusion driven by Robert Pastel.  The parties stipulate that Pastel's negligence caused the accident.  They stipulate further that the impact threw Bennett onto the Fusion's hood, where she "sustained further bodily injuries."  Bennett thereafter filed this case against Pastel's insurer, State Farm, seeking a declaration that she was entitled to coverage under State Farm's policy for the Fusion.

The question presented is whether Bennett was an "occupant" of the Fusion—as that term is defined by State Farm's policy—at the time she was on the vehicle's hood. If she was, then she is entitled to coverage for the injuries she sustained there; if not, then not.  The district court held that Bennett was not an occupant of the vehicle, and thus granted summary judgment to State Farm.  We review that decision de novo.  *See Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Mich.*, 722 F.3d 861, 865 (6th Cir. 2013).

The argument that State Farm calls "ridiculous," State Farm Br. at 4, is that Bennett was an occupant of the Fusion per the policy's terms.  Under Ohio law, courts construe insurance agreements "in accordance with the same rules as other written contracts." *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 597 N.E.2d 1096, 1102 (Ohio 1992).  Here, as a matter of ordinary English usage, one might be skeptical that Bennett was an "occupant" of the Fusion during the time she was on its hood.  Occupants are normally inside vehicles, not on them.  But the parties to a contract can define its terms as they wish; and State Farm has done so here.  Its policy for the Fusion defines "occupying" as "in, on, entering or alighting from." And the parties have stipulated that Bennett was on the Fusion—specifically, on its hood—and that she "suffered further bodily injuries" while she was there.  Per the policy's terms, therefore, Bennett was an "occupant" of the vehicle and thus entitled to coverage for those additional injuries.

State Farm offers some arguments in response. It argues that other courts have held that pedestrians were not "occupants" of the vehicles that struck them, and hence that we should hold the same. The argument is a common one in coverage disputes: that courts have interpreted a certain "type" of provision a certain way in other cases, and that we ought to interpret the same "type" of provision the same way in ours. But "we do not construe contractual provisions in gross." *Abercrombie & Fitch Co. v. Fed. Ins. Co.*, 370 F. App'x 563, 573 (6th Cir. 2010) (dissenting opinion). Instead we interpret each contract individually, according to its terms. Here, in one of the cases that State Farm cites, the court did not mention any definition of the term "occupy" in the policy itself, and thus gave the term its ordinary meaning. *See Williams v. Bache*, 2000 WL 1533897, at *2–3 (Ohio Ct. App. 2000). We cannot do the same in this case, since the policy does define the term. In other cases that State Farm cites, the plaintiff was adjacent to or under the covered vehicle, rather than on it. *See, e.g.*, *Estate of Richerson ex rel. Richerson v. Cincinnati Ins. Co.*, 264 P.3d 1087, 1088 (Mont. 2011) (truck backed over decedent); *Rednour v. Hastings Mut. Ins. Co.*, 661 N.W.2d 562, 563 (Mich. 2003) (plaintiff was changing a tire). So those cases are distinguishable on their facts.

State Farm also argues that, to determine whether Bennett was an occupant of the vehicle, we should ask whether she had some "intrinsic relationship" with the vehicle, rather than whether she was "on" it. But in this case we have no reason to explore Bennett's relationship with the car. The intrinsic-relationship test is of one of several that Ohio courts have applied in cases "where a gray area exists concerning whether a person was" an occupant of a vehicle and thus entitled to coverage. *Robson v. Lightning Rod Mut. Ins. Co.*, 393 N.E.2d 1053, 1055 (Ohio Ct. App. 1978). In this case, however, the policy marks out its zone of coverage in primary colors. The policy's terms therefore control.

The district court's judgment is reversed, and the case remanded with instructions to enter judgment in favor of Bennett.