NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0006n.06

No. 14-3353

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 06, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DENNIS PAUL and SHARON PAUL | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| STATE FARM MUTUAL AUTOMOBILE | ) | COURT FOR THE |
| INSURANCE COMPANY, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |

Before: McKEAGUE and KETHLEDGE, Circuit Judges; BERTELSMAN, District Judge.[*]

KETHLEDGE, Circuit Judge. Dennis and Sharon Paul argue that State Farm breached the terms of its insurance policy when it failed to pay them for the same medical expenses twice. The district court dismissed their suit for failure to state a claim. We affirm.

The Pauls bought an auto-insurance policy from State Farm in 2005. Under the policy, State Farm agreed to pay the Pauls' "reasonable medical expenses incurred for bodily injury caused by accident." The policy also provided that, if State Farm paid those expenses, the Pauls would reimburse State Farm if they later recovered those same expenses from "any liable party."

Two years later, Dennis Paul was injured in a car accident caused by another driver, Vasile Coman. State Farm paid Paul's medical expenses in full. The Pauls then sued Coman, eventually settling the suit for $8,200, including $3,691 to cover Paul's medical expenses. The

---

[*] The Honorable William O. Bertelsman, Senior Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

settlement was funded by Coman's liability insurer, which also happened to be State Farm. But State Farm—this time in its capacity as the Pauls' insurer—believed that it was entitled to keep the $3,691 as reimbursement for the medical bills that it had already paid. Thus, State Farm paid only the remainder—$4,239—to the Pauls.

The Pauls thought they were entitled to the full $8,200, so they sued State Farm in Ohio state court for breach of contract. They later filed an amended complaint containing class-action allegations, which made the case removable under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d). State Farm removed to federal court and moved to dismiss. The district court granted the motion. We review that decision de novo. *See Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012).

The parties agree that Ohio law applies. Thus, we construe the insurance agreement "in accordance with the same rules as other written contracts." *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 597 N.E.2d 1096, 1102 (Ohio 1992). Here, State Farm's insurance agreement with the Pauls included a subrogation provision that states in relevant part:

> We [State Farm] are subrogated to the extent of our payments to the rights of recovery that any person has against any party liable for the bodily injury . . . If the person to or for whom we make payments *recovers from any liable party for the bodily injury*, that person shall hold in trust for us the proceeds of the recovery, and reimburse us to the extent of our payment.

R. 1-2 at 79 (emphasis added).

The question presented is whether, within the meaning of this provision, State Farm's payment of Paul's medical expenses in its capacity as Coman's insurer would have amounted to "recover[y]" by Paul from a "liable party for the bodily injury[.]" If so, then State Farm was entitled to keep the $3,691—and thus did not breach the terms of its policy by doing so.

Coman undisputedly was a liable party within the meaning of this provision; and we agree with the district court that State Farm's payment on his behalf would have been a recovery "from" him. An insurance policy is an asset of the insured, which he can use to satisfy his obligations. *See Meinberg v. Glaser*, 237 N.E.2d 605, 609 (Ohio 1968). Here the settlement agreement obligated Coman to pay the Pauls, but did not specify which of his assets he was required to use to satisfy that obligation. He could have used money from his bank account, from his liability insurer, or from under his mattress, for that matter. So long as Coman used one of his assets to pay the Pauls, that payment would still be "from" him. Thus, as a legal matter—and as a common-sense one—State Farm's payment of Paul's medical bills on Coman's behalf would have been a recovery from Coman.

We also agree with the district court that State Farm was itself a "liable party." We give the terms of an insurance policy "their plain and ordinary meaning." *Lager v. Miller-Gonzalez*, 896 N.E.2d 666, 669 (Ohio 2008). The ordinary meaning of "liable" is "bound or obligated according to law." *Webster's Third New International Dictionary* 1302 (2002). The ordinary meaning of "party," in this context, is one "engaging or concerned in a transaction." *Id.* at 1648. State Farm was certainly that as to the settlement, since it funded the transaction; and it was "liable" as well, since as Coman's insurer State Farm was legally obligated to pay for the medical expenses that Paul incurred as a result of Coman's negligence. Thus, State Farm was a "liable party" in its own right as well.

The Pauls argue that a case from the Ohio Court of Appeals—*Csik v. Blue Cross & Blue Shield of Ohio*, 671 N.E.2d 1028 (Ohio Ct. App. 1996)—dictates a different result. But *Csik* only illustrates why we do not construe insurance contracts in gross. *See Bennett v. State Farm Mut. Auto. Ins. Co.*, 731 F.3d 584, 585 (6th Cir. 2013). Csik was injured by an uninsured

motorist. Csik owned a health-insurance policy and an auto-insurance one. Both insurers paid Csik's medical expenses. His health insurer then sought recovery of its payment pursuant to a provision of its policy that required reimbursement if Csik recovered from "a responsible third party." The Ohio court rejected this claim, holding that the policy did not make clear that Csik's auto-insurance carrier was a "responsible third party" for his medical bills. The court reasoned that "responsible" can mean either "liable"—which Csik's auto insurer was as to his medical bills—or "the primary cause"—which the auto insurer was not. *Csik*, 671 N.E.2d at 1030.

But here the term we interpret—"liable party"—embraces only one of these meanings, namely "liable." And as shown above State Farm fits within that meaning in its capacity as Coman's insurer. The subrogation provision in its contract with the Pauls therefore applies.

Finally, the Pauls argue that we must read the policy as they do because this case comes to us on a motion to dismiss. But our interpretation of the policy is a legal question, *see Lager*, 896 N.E.2d at 669; and in answering it we owe no deference to the Paul's interpretation in their complaint. *Berrington*, 696 F.3d at 607.

The Pauls otherwise admit in their reply brief that their remaining arguments are not grounds to reverse the district court's decision. So we need not address them.

The district court's judgment is affirmed.