**COMMUNITY INSURANCE COMPANY, et al.,**
**Plaintiffs,**

v.

**Jacob OHAYON, et al., Defendants.**

**No. 5:98–CV–2387.**

United States District Court,
N.D. Ohio.

Nov. 2, 1999.

Paul J. Schumacher, Jr., Gallagher, Sharp, Fulton & Norman, Cleveland, OH, Daran P. Kiefer, Kreiner & Peters, Cleveland, OH, for Community Insurance Company dba Anthem Blue Cross & Blue Shield, plaintiffs.

Kenneth L. Gibson, Weick, Gibson & Lowry, Cuyahoga Falls, OH, for defendants.

## OPINION AND ORDER

GWIN, District Judge.

On June 1, 1999, Plaintiff Community Insurance Company ("Community Insurance") and Defendant Jacob Ohayon, individually and as parent and guardian for Defendant Jonathan Ohayon, a minor child ("the Ohayons"), filed briefs stating their positions with regard to Brilliance LDD Corporation's employee benefit plan arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* [Docs 28–31.] With this opinion and order, the Court resolves both Community Insurance's claim for re-

imbursement as well as the Ohayons' counterclaim for breach of fiduciary duty.

In bringing this action, Community Insurance seeks to recover $115,756.21 it paid in medical expenses after Jonathan Ohayon was injured in an automobile accident. Community Insurance says the medical insurance policy certificate unambiguously requires the Ohayons to reimburse Community Insurance from any settlement or recovery from third parties.

In response, the Ohayons argue, *inter alia,* that they should not reimburse Community Insurance because the policy certificate was not part of the insurance contract between the parties. Further, the Ohayons argue that Community Insurance is not entitled to reimbursement in light of the "make-whole" rule adopted by the United States Court of Appeals for the Sixth Circuit.

The Ohayons also assert a counterclaim against Community Insurance. With this claim, the Ohayons allege that Community Insurance breached its fiduciary duty under ERISA by failing to provide proper plan documents, most notably a summary plan description.[1]

For the reasons that follow, the Court finds that Community Insurance is not entitled to reimbursement for medical expenses paid on behalf of Jonathan Ohayon. The Court also enjoins Community Insurance from continuing to provide summary plan descriptions that fail to comply with ERISA requirements.

## I. Background

Defendant Jacob Ohayon is president of Brilliance LDD, Inc. ("Brilliance"). Brilliance is a small family-owned company that imports diamonds. In December 1995, Brilliance entered a Small Group Trust Agreement with Community Mutual Insurance to provide health insurance benefits for Defendant Jacob Ohayon, his brother, and their respective dependents.

Community Insurance is the insurer and administrator for the medical benefit plan.

On August 6, 1996, a motor vehicle struck and injured Defendant Jacob Ohayon's minor child, Jonathan Ohayon. Jonathan suffered serious physical injuries, including tendon damage to his limbs, requiring nine surgeries. From August 6, 1996 through January 1999, Community Insurance paid medical claims totaling $115,755.71.

After the accident, Jonathan and his parents made a claim against the tortfeasor's insurance company. The insurance policy limit was $100,000. On August 29, 1997, an offer of settlement for $99,935 was presented to the Summit County Probate Court. On June 26, 1997, the court approved the settlement agreement. Under the agreement, the court awarded Jonathan Ohayon $66,613 for his injuries, payable through a structured settlement. Huntington Trust Company holds all settlement payments in trust until Jonathan Ohayon reaches age 18. The court further approved $33,322 for attorney fees and expenses. The court deducted the fees from Jonathan Ohayon's total recovery. No portion of the settlement was awarded to Jacob Ohayon.

Community Insurance now sues the Ohayons for reimbursement of the medical expenses it paid under the policy. Although the Ohayons stipulate that Community Insurance made the payments claimed, they dispute Community Insurance's right to reimbursement.

The parties stipulate that the terms describing Brilliance's health benefits are set forth in plan documents, including (1) a Trust Agreement dated January 1, 1991; (2) certain addendums to the Trust Agreement, including a Master Group Contract; (3) two Small Group Trust Enrollment Applications dated January 5, 1994 and De-

---

1. The Ohayons also alleged that Community Insurance breached its fiduciary duty by failing to make timely determinations whether to pay or deny claims for benefits. However, the Ohayons have not provided any evidence or argument in support of this allegation. The Court thus considers only whether Community Insurance breached its fiduciary duty by failing to provide proper plan documents.

cember 29, 1995; and (4) an insurance policy certificate.

The parties acknowledge that Defendant Jacob Ohayon will testify that he received a copy of the above-referenced policy certificate in January 1996, but did not receive copies of the Trust Agreement or the Master Group Contract. The parties stipulate that Community Insurance will offer no document other than the policy certificate as the summary plan description. However, the parties dispute the policy certificate's effect and whether it qualifies as an adequate summary plan description under ERISA.

## II. Standard of Review

The parties agree that ERISA governs Brilliance's employee benefit welfare plan. *See* 29 U.S.C. § 1003(a)(1). ERISA does not provide a standard for reviewing benefit decisions. Accordingly, courts look to the plan documents to determine the appropriate standard of review.

■ The United States Supreme Court has held that *de novo* review applies in cases where the benefit plan fails on its face to clearly give the administrator or fiduciary discretionary authority to decide eligibility for benefits or to construe the terms of the plan. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir.1991). By comparison, the highly deferential arbitrary and capricious standard of review applies where a benefit plan unambiguously grants the ad-

ministrator discretionary authority to decide eligibility.[2]

Here, the parties agree that Community Insurance has discretionary authority to determine benefit eligibility.[3] Thus, the Court applies the arbitrary and capricious standard of review in considering Community Insurance's interpretation of the plan. A plan administrator's decisions regarding employee benefits are not arbitrary and capricious if they are "rational in light of the plan's provisions." *Miller*, 925 F.2d at 984.

## III. Discussion

### A. Community Insurance's Right to Reimbursement

Community Insurance argues that its discretionary interpretation of the benefit plan policy certificate requires the Ohayons to reimburse it $115,571.04 for medical expenses paid under the plan. The Court finds that the Ohayons are not required to reimburse Community Insurance. Reimbursement is not required because the policy certificate is not part of the insurance contract between Community Insurance and Brilliance. Further, even if the certificate was part of the insurance contract, reimbursement under the circumstances of this case would violate the "make-whole" rule.[4]

#### 1. Policy Certificate and Insurance Contract

■ The record lacks sufficient evidence proving the policy certificate, as revised in January 1996, was in fact part the Group

---

**2.** The Court notes that "[w]hen an insurance company administers claims for an employee welfare benefit plan and has authority to grant or deny the claims, the company is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)." *Libbey–Owens–Ford Co. v. Blue Cross and Blue Shield Mutual of OH*, 982 F.2d 1031, 1035 (6th Cir.1993).

**3.** The policy certificate states:

We shall have discretionary authority to determine an individual's eligibility for benefits under the Group Contract and to construe the terms and conditions of this Cer-

tificate which describes your benefits. Whenever we make a determination or construction which is not arbitrary and capricious, our determination will be final and conclusive.

(Joint Stipulations of Fact, at ¶ 2.)

**4.** The Ohayons argue that because Community Insurance's policy certificate does not meet the requirements of a summary plan description, the certificate's provisions regarding reimbursement and subrogation are unenforceable. Because it finds the policy certificate unenforceable on other grounds, the Court need not address this argument.

Contract between the Community Insurance and Brilliance. First, Jacob Ohayon, as owner of Brilliance, signed two Small Group Trust Application/Participant Agreements, dated January 4, 1994 and December 29, 1995. Neither application refers to a summary plan description, ERISA, or the policy certificate.

Further, Community Insurance provides no evidence showing that Defendant Jacob Ohayon received a copy of the policy certificate before he signed the enrollment applications. Though the Master Group Policy, attached as an addendum to the Trust Agreement, does reference the policy certificate, Community Insurance does not give evidence rebutting Defendant Jacob Ohayon's contention that he never received a copy of the Trust Agreement.

The policy certificate is the only document containing a right to reimbursement within the insurance contract. Because the policy certificate was not included in the insurance contract, there is no reimbursement clause in the contract. Therefore, Community Insurance is not entitled to reimbursement.

### 2. "Make–Whole" Rule

Even if the Court had found that the policy certificate at issue controlled, the certificate's subrogation and reimbursement provisions are sufficiently ambiguous to warrant defaulting to the "make-whole" rule adopted in this circuit.

■ The make-whole rule requires that an insured be made whole before an insurer can enforce its right to reimbursement or subrogation under ERISA. The rule applies unless the plan contains a clear contractual provision to the contrary. *See Marshall v. Employers Health Ins. Co.*, 927 F.Supp. 1068, 1074 (M.D.Tenn.1996). As the Sixth Circuit has explained, the make-whole rule is a default rule:

We adopt the make-whole rule as a default rule in this circuit. Such a rule is consistent with the equitable principle that insurer [sic] does not have a right of subrogation until the insured has been fully compensated, unless this agreement itself provides to the contrary. Also, the make-whole rule is merely a default rule. If a plan sets out the extent of the subrogation right or states that the participant's right to be made whole is superseded by the plan's subrogation right no silence or ambiguity exists.

*Marshall v. Employers Health Ins. Co.*, No. 96–6063, 1997 WL 809997, at *4 (6th Cir.1997) (unpublished). Thus, if the plan documents are silent or ambiguous regarding the extent or priority of an insurer's right to subrogation or reimbursement, courts will apply the make-whole rule.

In the instant case, the policy certificate states, in pertinent part:

Subrogation and Right of Reimbursement

This provision applies when we pay benefits for personal injuries and you have a right to recover damages from another.

### SUBROGATION

\* If we pay benefits under this Certificate, and you have a right to recover damages from another, we are subrogated to that right. You or your legal representative must do whatever is necessary to enable us to exercise our rights and do nothing to prejudice them.

\* We are subrogated to any right you may have to recover from another, his insurer or under any 'Uninsured Motorist', 'Underinsured Motorist', 'Medical Payments', 'No–Fault' or other similar coverage provisions.

### REIMBURSEMENT

\* If you recover damages from any party or through any coverage named above, you must hold in trust for us the proceeds of the recovery and must reimburse us to the extent of payments made.

(Joint Stipulations of Fact, Exhibit A, at 26.)

■ Although this language gives Community Insurance a right to subrogation or

reimbursement against claimants who recover damages from third parties, the language does not clearly define these rights. First, the policy certificate does not set forth any priority for payment of funds recovered from third parties. The reimbursement provision fails to disclose the extent the insurer's rights take priority over the insured's recovery where the recovery is partial or incomplete. Second, the reimbursement provision does not expressly override the make-whole rule. Third, the policy language fails to mention that an insured party may have a right to retain any recovery that exceeds the amount paid to an insurer who exercises its right to subrogation or reimbursement. The absence of these disclosures creates ambiguity. *See Marshall,* 927 F.Supp. at 1074 (following *Barnes v. Automobile Dealers Assoc. of California Health & Welfare Benefit Plan,* 64 F.3d 1389 (9th Cir.1995) (applying the make-whole rule where a subrogation clause in an ERISA plan was ambiguous)).

As earlier stated, a plan administrator's discretionary decisions regarding ERISA benefits are not arbitrary and capricious if they are "rational in light of plan provisions." *Miller,* 925 F.2d at 984 (citation omitted). When it is possible to offer a reasoned explanation for a particular outcome based on the evidence, the outcome is not arbitrary or capricious. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir. 1997) (citation omitted). Here, Community Insurance does not offer a rational basis for interpreting the plan as it does. By arguing it is entitled to reimbursement, Community Insurance ignores the make-whole rule. Because Community Insurance fails to follow controlling precedent, its interpretation of the reimbursement provision is arbitrary and capricious. Having decided this, the Court determines if Jonathan Ohayon has been fully compensated for his injuries.

■ After deducting attorney fees and expenses, the probate court awarded Jonathan Ohayon $66,613 as compensation for his injuries. Having considered the extent of Jonathan's injuries, the treatment associated with these injuries—including nine surgeries, and Jonathan's young age, the Court concludes that Jonathan Ohayon has not been fully compensated for his injuries. Having not been made whole by his recovery, Jonathan Ohayon is not required to reimburse Community Insurance out of his settlement proceeds.

For the reasons set forth above, the Court finds that Community Insurance is not entitled to reimbursement.

## B. Breach of Fiduciary Duty

The Ohayons argue that Community Insurance breached its fiduciary duty as a plan administrator under ERISA. Specifically, the Ohayons allege that Community Insurance breached its fiduciary duty by failing to provide a summary plan description.

The Ohayons acknowledge that Community Insurance now claims that its policy certificate served as a summary plan description. However, the Ohayons argue that the policy certificate fails to meet ERISA requirements regarding summary plan descriptions.

ERISA outlines the requirements of a summary plan description in 29 U.S.C. §§ 1021, 1022. First, § 1021(a) states in relevant part:

> The administrator of each employee benefit plan shall cause to be furnished ... to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan—
>
>> (1) a summary plan description described in section 1022(a)(1) of this title; and
>>
>> (2) the information described in 1024(b)(3) and 1025(a) and (c) of this title.

29 U.S.C. § 1021(a).

Section 1022(a) sets forth the specific requirements for summary plan descriptions. In short, summary plan descriptions must include very specific information about the plan, and must be "written

in a manner calculated to be understood by the average plan participant...." The summary plan description also must be "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a)(1). This language shows Congress's intention to "create disclosure requirements which would enable the individual participant to 'know[ ] exactly where he stands with respect to the plan—what benefits he may be entitled to, [and] what circumstances may preclude him from obtaining benefits....' " *Helwig v. Kelsey–Hayes Co.*, 93 F.3d 243, 249 (6th Cir.1996), *cert. denied,* 519 U.S. 1059, 117 S.Ct. 690, 136 L.Ed.2d 613 (1997) (citation omitted).[5]

Section 1022(b) expands upon the disclosures required by § 1022(a). Specifically, § 1022(b) lists 12 items that must be included.[6] Summary plan descriptions also should state that ERISA governs the plan. *See* 29 U.S.C. § 1022(b); 29 C.F.R. § 2520.102–3(t)(2) (giving example of disclosures to be included in summary plan description).

■ Comparing these requirements to the policy certificate at issue, the Court finds many inadequacies. First, the certificate does not purport to be a summary plan description. The phrase "summary plan description" is never used or referenced in the policy certificate's text. Second, the policy certificate does not clearly identify the addresses, titles, or names of the plan administrator, the plan sponsor, or the agent for service of process. Nor does it define these terms. Third, the policy certificate inadequately describes participant rights under ERISA. Significantly, the policy certificate inadequately outlines procedures and remedies available to participants wanting to challenge benefit eligibility decisions. For instance, the policy certificate does not disclose a participant's right to sue in court or to obtain assistance in understanding their rights from the Department of Labor.

The Ohayons contend that Community Insurance's failure to provide an adequate summary plan description represents a breach of its fiduciary duty. Title 29, § 1132 enables a plan participant, in his individual capacity, to sue a plan administrator for breach of fiduciary duty. *See* 29 U.S.C. § 1132(a)(1)(A) and (B); *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (finding that § 1132 allows participants and beneficiaries to sue for breach of fiduciary duty).

■ However, a mere failure to comply with ERISA requirements will not support

---

**5.** The legislative history of ERISA explains that "[i]t is grossly unfair to hold an employee accountable for acts which disqualify him from benefits, if he had no knowledge of these acts, or if these conditions were stated in a misleading or incomprehensible manner in the plan booklets." *Helwig,* 93 F.3d at 248 (citing H.R.Rep. No. 93–533 (1974), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4646).

**6.** Section 1022(b) requires the summary plan description, include:

"(1) the name and type of administration of the plan;
(2) in the case of a group health insurance plan, whether a health insurance issuer is responsible for the financing and administration of the plan and, if so, the name and address of such issuer;
(3) the name and addresses of the person designated as agent for service of process;
(4) the name and address of the administrator;
(5) the name, titles and addresses of trustees;
(6) the plan requirements respecting eligibility for participation and benefits;
(7) circumstances which may result in disqualification, ineligibility, or denial or loss of benefits;
(8) the source of financing for the plan;
(9) the identity of any organization through which benefits are provided;
(10) the date of the end of the plan year and whether records are kept on a calendar, policy, or fiscal year basis;
(11) the procedures to be followed in presenting claims for benefits under the plan including the office at the Department of Labor;
(12) the remedies available under the plan for redress of claims which are denied in whole or in part including procedures required under 29 U.S.C. § 1133.
29 U.S.C. § 1022(b).

the recovery of money damages for a breach of fiduciary duty. *See Lewandowski v. Occidental Chem. Corp.*, 986 F.2d 1006, 1009 (6th Cir.1993) (per curiam) (failure to provide a plan beneficiary with documents as required by §§ 1021–22 or 1024–25 does not give rise to substantive remedy). "Nothing in § 1132 suggests that a plan beneficiary should receive a benefit award based on a plan administrator's failure to disclose required information." *Id.* "Most courts that have considered the issue have held that the employer must have acted in bad faith, actively concealed the benefit plan, or otherwise prejudiced their employees by inducing their reliance on a faulty plan summary before recovery for procedural violations is warranted." *Id.* (quoting *Kreutzer v. A.O. Smith Corp.*, 951 F.2d 739, 743 (7th Cir. 1991)).

■ The Court finds that the facts in this case do not support monetary damages for breach of fiduciary duty. The record does not show that Community Insurance purposefully or willfully breached its fiduciary duties. Also, the record does not show the Ohayons relied or suffered prejudice because of the Community Insurance's failure to provide an adequate summary plan description. Instead, Community Insurance paid medical payments as required under its contract with Brilliance. Therefore, recovery for Community Insurance's breach of its fiduciary duty for failing to give the Ohayons proper plan documents is not warranted.

However, the Court does find that the circumstances of this case warrant equitable relief. Participants can sue to enjoin a fiduciary from engaging in any act or practice that violates ERISA or the terms of the plan, or to obtain other appropriate equitable relief. *See* 29 U.S.C. § 1132(a)(3). In this case, the Ohayons have shown that Community Insurance has failed to provide an adequate summary plan description. The Court thus enjoins Community Insurance from further issuing policy certificates to beneficiaries under Brilliance's Small Group Trust Agreement with Community Mutual Insurance that fail to comply with ERISA requirements regarding summary plan descriptions. *See Allinder v. Inter–City Products Corp.*, 152 F.3d 544, 551–52 (6th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1115, 143 L.Ed.2d 110 (1999).

## IV. Conclusion

For the reasons stated above, the Court concludes that Community Insurance is not entitled to reimbursement for the medical expenses it paid on behalf of Jonathan Ohayon. The Court also enjoins Community Insurance from issuing policy certificates that fail to comply with ERISA's summary plan description requirements.

IT IS SO ORDERED.

## ORDER

The Court has entered its opinion and order in the above-captioned case. For the reasons stated therein, the Court finds Community Insurance is not entitled to reimbursement for medical expenses it paid on behalf of Jonathan Ohayon. The Court further enjoins Community Insurance from issuing policy certificates to beneficiaries under Brilliance's Small Group Trust Agreement with Community Mutual Insurance that fail to comply with ERISA requirements regarding summary plan descriptions.

This case is hereby terminated pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED.