HINEY PRINTING COMPANY,
Plaintiff,

v.

Jeannine BRANTNER, Defendant.

No. 5:99–CV–349.

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 17, 1999.

Daran P. Kiefer, Kreiner & Peters, Cleveland, OH, for Plaintiff.

Mark C. Willis, Akron, OH, for Defendant.

## OPINION AND ORDER

GWIN, District Judge.

Defendant Jeannine Brantner and Plaintiff Hiney Printing Company ("Hiney

Printing") have filed cross motions for summary judgment in this case arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* [Docs. 29, 34]. In ruling on these motions, the Court decides whether the "make-whole" rule stops Hiney Printing from recovering monies from Brantner after Brantner recovered damages from a tortfeasor. The Court also decides whether Brantner can recover statutory damages under ERISA based on Hiney Printing's failure to supply requested plan documents. For the reasons set forth below, the Court finds that Hiney Printing should not recover from Brantner for the medical expenses it paid on behalf of Brantner. The Court also finds that Brantner cannot recover statutory damages under ERISA.

## I. Background

Hiney Printing Company employed Brantner from 1971. As a Hiney Printing employee, Brantner participated in Hiney Printing's employee medical plan. The plan is governed by ERISA.

On November 20, 1995, Brantner suffered serious injuries in a motor vehicle accident. These injuries rendered Brantner unable to continue her employment with Hiney Printing. Although Brantner did not continue employment with Hiney Printing, she continued participation in Hiney's employee medical plan.

Brantner subsequently filed a claim for benefits under the Hiney Printing medical plan. Through February 1998, Brantner incurred $57,106.47 in medical expenses and received approximately the same amount in benefits from the Hiney Printing medical plan. Brantner also filed suit against the party responsible for the accident that caused her injuries. This suit was ultimately settled for $103,000.

Hiney Printing now seeks to recover from the settlement proceeds the medical benefits it paid Brantner. According to Hiney Printing, the right to such recovery is clearly contained in the medical plan's subrogation and reimbursement provisions. In response, Brantner says the "make-whole" rule precludes Hiney Printing from recovering the benefits it paid Brantner under the plan. The make-whole rule, when applicable, prevents an insurer from recouping medical benefits paid to an insured who is not fully compensated from a third party.

Brantner also asserts a counterclaim against Hiney Printing. Brantner alleges that she requested but never received information regarding Hiney Printing's medical plan. The failure to supply such information, according to Brantner, constitutes a violation of 29 U.S.C. § 1132 and gives rise to statutory damages of up to $100 per day. As to this claim, Hiney Printing responds by arguing that Brantner never made a proper request for information. Hiney Printing alternatively says that Hiney Printing supplied all necessary information regarding its medical plan.

## II. Discussion

### A. Standard of Review

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c) states in pertinent part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In considering a motion for summary judgment, the court views the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987); *SEC v. Blavin,* 760 F.2d 706, 710 (6th Cir.1985). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *See 60 Ivy Street Corp.,* 822 F.2d at 1435.

Factual disputes about matters essential to adjudication preclude the Court from granting summary judgment. *See id.* But not every factual dispute prevents summary judgment. Rather, the disputed facts must be material. They must be facts that, under the substantive law governing the issue, might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the nonmoving party. *See id.* at 248, 106 S.Ct. 2505. While the disputed issue does not have to be resolved conclusively in favor of the nonmoving party, the nonmoving party must present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. *See 60 Ivy Street,* 822 F.2d at 1435 (citing *First Nat'l .Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *60 Ivy Street,* 822 F.2d at 1436 (quoting *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505).

### 2. Plan Administrator's Interpretation of Plan Language

■ ERISA does not provide a standard for reviewing a plan administrator's interpretation of an ERISA plan's language. Accordingly, courts look to the plan documents to determine the appropriate standard of review.

■ The United States Supreme Court has held that *de novo* review applies in cases where the benefit plan fails, on its face, to clearly give the administrator discretionary authority to decide eligibility for benefits or to construe the terms of the plan. *See Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 983 (6th Cir.1991). By comparison, the highly deferential arbitrary and capricious standard of review applies where a benefit plan unambiguously grants the administrator discretionary authority to construe the terms of a plan.

■ In this case, the parties have not addressed whether a *de novo* or arbitrary and capricious standard of review should apply to Hiney Printing's interpretation of its plan's terms. However, the Court finds that the outcome of this matter is not affected by the level of deference due Hiney Printing's interpretation of its plan. Therefore, the Court proceeds under the more deferential arbitrary and capricious standard of review. A plan administrator's interpretation of a plan's provisions is not arbitrary and capricious if it is "rational in light of the plan's provisions." *Miller,* 925 F.2d at 984.

### B. Hiney Printing's Claim for Reimbursement

Hiney Printing says that the subrogation and reimbursement provisions in its medical plan entitle it to recover the medical benefits it paid to Brantner. The provisions provide, in pertinent part:

**RIGHTS OF SUBROGATION**

The Plan shall be subrogated to the extent of any payment under this Plan of health coverage to all of the Plan Member' s right of recovery therefore irregardless of the entity or individual from whom recovery may be due. The Plan Member shall do nothing after loss

to prejudice such rights and shall do everything necessary to secure such rights. The Plan will have the right, at its discretion and the Plan Administrators sole instigation, to take legal action on behalf of the insured or on behalf of the Plan itself. *Any amounts so recovered, however designated, shall be apportioned as follows: this Plan shall be reimbursed to the extent of its payments under this Plan of health coverage. If any balance then remains from such recovery, it shall be applied to reimburse the Plan Member and any other policy providing benefits to the Plan Member as their interest may appear.* The expenses of all such recovery proceedings shall be reimbursed before distribution of any recovery, provided that if there is no recovery in any proceeding instituted and conducted solely pursuant to this Plan, the Plan shall bear the expenses thereof.

**REIMBURSEMENT**

If the Plan Member recovers damages from any party or through any coverage named above, he must hold in trust for the Employer the proceeds of the recovery and must reimburse us to the extent of payments made.

▇ Defendant Brantner argues that, notwithstanding the above-quoted provisions, the "make-whole" rule adopted by the United States Court of Appeals for the Sixth Circuit precludes Hiney Printing from recovering the benefits it paid under the medical plan. When applicable, the make-whole rule prevents an insurer from exercising its right to reimbursement or subrogation until an insured is fully compensated through recovery from a third party.

▇ The make-whole rule is an interpretative guide. The rule construes ambiguities against the drafter of the ambiguous language, in this case insurers. It applies only when an ERISA plan is silent or ambiguous with regard to the priority of an insurer's reimbursement or subrogation rights.

Therefore, the make-whole rule is essentially a default rule. The Sixth Circuit has explained this aspect of the make-whole rule:

> We adopt the make-whole rule as a default rule in this circuit. Such a rule is consistent with the equitable principle that insurer [sic] does not have a right of subrogation until the insured has been fully compensated, unless this agreement itself provides to the contrary. Also, the make-whole rule is merely a default rule. If a plan sets out the extent of the subrogation right or states that the participant's right to be made whole is superseded by the plan's subrogation right no silence or ambiguity exists.

*Marshall v. Employers Health Ins. Co.,* —— F.3d ——, 1997 WL 809997, at *4 (6th Cir.1997) (unpublished); *see also Cagle v. Bruner,* 112 F.3d 1510, 1520–22 (11th Cir. 1997); *Barnes v. Independent Automobile Dealers Ass'n of California Health and Welfare Benefit Plan,* 64 F.3d 1389, 1394–95 (9th Cir.1995).

Applying the make-whole rule, the Court first decide whether the subrogation and reimbursement provisions contained in Hiney Printing's medical plan are ambiguous. If the provisions are ambiguous, the Court then decides whether Brantner has been made whole by the settlement. If the make-whole rule applies and Brantner has not been made whole, Hiney Printing cannot recover the amount of benefits it paid under the plan.

▇ Hiney Printing argues the subrogation and reimbursement provisions in its medical plan unambiguously exclude the make-whole rule. The Court finds that this interpretation of the subrogation and reimbursement provisions is arbitrary and capricious. It is not rational in light of the provisions' language.

Turning first to the subrogation provision, the Court finds that Hiney Printing has not clearly set forth its subrogation rights in the medical plan. Specifically,

the subrogation provision does not discuss the priority of Hiney Printing's subrogation rights when an insured's recovery from a third party is partial or incomplete. The provision also fails to explicitly state that the make-whole rule is inapplicable. Likewise, the reimbursement clause neither establishes the priority of Hiney Printing's right to reimbursement nor explicitly excludes the make-whole rule.

However, the absence of such language does not necessarily render the reimbursement clause ambiguous. Though similar, subrogation and reimbursement are distinct doctrines. Thus, as the Sixth Circuit has explained, "it is possible to find a subrogation clause in a plan to be ambiguous and a reimbursement clause to be unambiguous." *Marshall,* 1997 WL 809997 at *5.

Nevertheless, the Court finds in this case no principled reason for holding the subrogation and reimbursement provisions to different standards of ambiguity. Neither provision adequately informed Brantner that her efforts to receive partial recovery for her serious injuries and consequent financial loss must take a back seat to Hiney Printing's subrogation and reimbursement rights. Though Hiney Printing need only have added a single sentence to each provision stating that the make-whole rule is inapplicable, it chose not to do so.

■ Because both the subrogation and reimbursement provisions are ambiguous, Hiney Printing cannot enforce either provision if Brantner has not been fully compensated by the settlement of her tort suit. As explained below, the Court finds Brantner has not been made whole by her $103,000 settlement.

1. This figure represents approximately $1,000 per year in medical expenses and approximately $3,000 per year in chiropractic care expenses. Hiney Printing does not dispute the amount of these expenses.

2. Dr. Rod Durgin, holding a Ph.D in vocational assessment, found Brantner competitively unemployable in light of her age, limited education, and lack of transferable job skills.

Brantner suffered severe back injuries as a result of her November 1995 automobile accident. The treatment of these injuries involved spinal surgery and extensive physical therapy. Brantner will require ongoing medical treatment and chiropractic care for the remainder of her life, at a cost of approximately $4,000 per year.[1]

Moreover, Brantner's condition forced her to cease working at Hiney Printing. She had worked there, for more than twenty-five years. At age 55, with limited marketable job skills and a serious physical impairment, Brantner is "competitively unemployable."[2] Her lost wages, based on her previous salary at Hiney Printing and a retirement age of 65, exceed $200,000.

In light of her continued medical costs and lost wages, Brantner has not been fully compensated by her tort settlement. Therefore, the Court finds that the make-whole rule prevents Hiney Printing from recovering the benefits it paid Brantner under its medical plan.

### C. Statutory Damages

■ Brantner says she is entitled to recover statutory damages from Hiney Printing pursuant to 29 U.S.C. § 1132(c)(1). This provision authorizes courts to impose penalties of up to $100 per day against a plan administrator who fails to supply a plan participant with, *inter alia,* plan information requested under § 1024(b)(4). Brantner says she requested but never received the plan information set out in § 1024(b)(4).[3]

However, Brantner did not request plan information from Hiney Printing, the designated plan administrator. Rather, Brantner requested plan information from

3. Under § 1024(b)(4), an administrator must, upon request of a plan participant, provide "a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

Administrative Services Consultants ("ASC"), an agency Hiney Printing had contracted with to assist in the administration of its medical plan.

Nevertheless, Brantner contends that Hiney Printing can be held accountable for ASC's failure to provide the requested information. For this proposition, Brantner relies on *Bova v. American Cyanamid Co.*, 662 F.Supp. 483 (S.D.Ohio 1987). In *Bova*, a plan participant requested plan information from the employee benefits manager rather than the plan administrator. The district court held that the plan administrator could be held liable for the failure to provide the requested information because the plan directed participants to contact their personnel or employee benefits departments with any inquiries.

The facts presented in this case differ significantly from those in *Bova*. Unlike the plan at issue in *Bova*, Hiney Printing's medical plan instructs plan participants to direct any inquiries to the plan administrator. Thus Brantner, unlike the plan participant in *Bova*, cannot claim that she merely followed the plan's instructions when she requested information from ASC.

Under § 1124(b)(4), only the plan administrator, designated as such in the plan instruments, is required to supply requested plan information. *See* § 1002(16)(A) (defining the term "administrator"). Because Brantner did not direct her request to the plan administrator, she cannot hold the plan administrator liable for failing to provide information under § 1132(c)(1).[4] *Cf. VanderKlok v. Provident Life and Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir.1992) (finding that only plan administrators can be held liable for failure to provide requested plan information).

### III. Conclusion

For the reasons discussed above, the Court grants summary judgment to Defendant Brantner with regard to Plaintiff Hi-

ney Printing's claim seeking to recover the benefits it paid Brantner under its medical plan. The Court grants summary judgment to Plaintiff Hiney Printing with regard to Brantner's counterclaim for statutory damages under § 1132(c)(1).

IT IS SO ORDERED.

### ORDER

The Court has entered its opinion and order in the above-captioned case. For the reasons discussed therein, the Court grants summary judgment to Defendant Brantner with regard to Plaintiff Hiney Printing's claim seeking recovery for the benefits it paid Brantner under its medical plan. The Court also grants summary judgment to Plaintiff Hiney Printing on Brantner's counterclaim seeking statutory damages under § 1132(c)(1).

This case is hereby terminated pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED.

---

4. The parties also dispute whether or not Brantner in fact received information sufficient to meet the requirements of § 1124(b)(4). Because the Court finds Hiney Printing is not liable for ASC's failure to provide the requested plan information, the Court need not address this issue.