Rosemary SERBIN, Plaintiff,

v.

FORTIS BENEFITS INSURANCE
COMPANY, Defendant.

No. 4:98CV641.

United States District Court,
N.D. Ohio,
Eastern Division.

Jan. 14, 2000.

Martin F. White, Warren, OH, for Rosemary Serbin, plaintiff.

Daran P. Kiefer, Kreiner & Peters, Cleveland, OH, for Fortis Benefits Insurance Company, defendant.

## MEMORANDUM AND ORDER

ALDRICH, District Judge.

Plaintiff Rosemary Serbin brought this action in state court, seeking a declaration that, under her employer-sponsored health insurance plan, she had no obligation to reimburse defendant Fortis Benefits Insurance Company ("Fortis") for medical benefits Fortis had paid on her behalf. Fortis removed the case to federal court on the ground that the Employee Retirement Income Security Act ("ERISA") completely preempts Serbin's claim. Fortis also filed a counterclaim in which the company seeks restitution and specific performance of the terms of the insurance plan. Both parties filed motions for summary judgment (docs. # 35 and 41). Subsequently, Fortis filed a motion to convert its summary judgment motion into a "motion to enforce the ERISA plan" (doc. # 44). For the reasons that follow, this Court (1) denies Fortis' motion to convert the pleading; (2) grants summary judgment in favor of Fortis in the amount of $32,740.70; and (3) denies Fortis' requests for both pre-judgment interest and attorneys' fees.

### I. Facts and Procedural History

The facts of this case are essentially undisputed. On January 2, 1996, Serbin sustained serious injuries in a motor vehicle accident. At the time of the accident, Serbin was an employee of Paige & Byrnes Insurance Agency and a participant in her employer's group health insurance plan. That plan was purchased from, and administered by, Fortis. In accordance with the plan's terms, Fortis paid for medical treatment that Serbin needed as a result of the accident. Serbin's husband received compensation for damages to the car Serbin had been driving pursuant to his policy with State Auto Insurance.

The person who was responsible for the accident possessed only $25,000 in liability insurance. Serbin, however, maintained her own automobile insurance policy with Commercial Union Insurance Company ("Commercial Union"). That policy provided for $5,000 in medical payment benefits and $300,000 in underinsured/uninsured motorist benefits. Commercial Union paid Serbin $5,000 for her medical expenses in February of 1996. In May of 1996, after Serbin and her husband had retained an attorney to represent them, Commercial Union paid Serbin and her husband $25,000 in underinsured motorist benefits. Commercial Union eventually recovered that amount from the tortfeasor's insurance company. The Serbins settled their case against Commercial Union in March of 1998, when Commercial Union paid out the remaining $275,000 in underinsured motorist benefits available under the Serbins' policy.

While the Serbins and Commercial Union were resolving their dispute, Fortis notified Serbin that the company possessed a right to recover compensation she received from third parties for her medical damages. Fortis asserted that it had a right to be reimbursed for the monies it had expended on her behalf pursuant to the following "Right of Recovery" clause in the group insurance certificate:

> If an Insured Individual has a Claim for Injury against any party for Covered Medical Expenses, the Insured Individu-

al agrees to pay Us the amount of benefit We have paid recovered by the suit, settlement or otherwise from any party or parties.

The insurance certificate defines "Injury" as "an accidental bodily injury." No other provision in the policy pertains to Fortis' reimbursement rights.

Serbin denied that the reimbursement clause applies to proceeds she receives from her own automobile insurance company. She maintained that the clause only applies to damages recovered from a responsible tortfeasor. When Fortis disagreed with her position, Serbin filed a declaratory judgment action in state court. Fortis removed the case to federal court on the ground that ERISA completely preempts her claim. This Court denied Serbin's motion to remand the case, finding that her claim falls within the purview of §§ 1132(a)(1)(B) and 1132(a)(3) of ERISA. The parties have filed cross-motions for summary judgment. Fortis also has moved to convert its summary judgment motion into a motion to enforce the terms of the ERISA plan.

## II. Motion to Convert Pleading

■ Fortis asks to convert its summary judgment motion into a motion to enforce the terms of the ERISA plan on the basis of *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir.1998), a case the Sixth Circuit resolved after Fortis and Serbin had filed their cross-motions for summary judgment. The *Wilkins* court determined that bench trials and summary judgment procedures are "inconsistent" with the appropriate standard of review in ERISA actions to recover benefits under § 1132(a)(1)(B). *Id.* at 618. The inconsis-

tency arises from the fact that in a denial-of-benefits case, a district court must base its review of the merits solely upon the underlying administrative record.[1] *Id.* at 618–19. Because a court may not consider evidence outside of the administrative record, there is no point in conducting a trial (or, then, in determining whether there is a genuine issue for trial). *Id.* District courts have since applied this portion of the *Wilkins* holding to cases involving the denial of ERISA benefits. *See, e.g., Eriksen v. Metropolitan Life Ins. Co.*, 39 F.Supp.2d 864, 865–66 (E.D.Mich.1999) (in denial-of-benefits case, treat dispositive motion as "motion for entry of judgment").

This Court agrees with Serbin to the extent she argues that this case does not involve a typical denial-of-benefits claim. Fortis did in fact pay Serbin's medical bills; the parties now dispute whether Serbin is obligated to reimburse Fortis pursuant to the terms of the insurance plan. Furthermore, there is no administrative record for this Court to review. Serbin's claim is properly characterized as an action to enforce her rights under the terms of the plan, to clarify her obligations under the terms of the plan, and to obtain equitable relief to enforce the terms of the plan. *See* 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3)(B)(ii). Similarly, Fortis' counterclaim is one by a fiduciary to obtain "appropriate equitable relief ... to enforce ... the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii). Because this is not a denial-of-benefits case, and because Fortis has articulated no reason for extending the *Wilkins* guidelines to other types of ERISA cases, this Court denies Fortis' motion to convert its pleading.[2]

---

**1.** The *Wilkins* court did, however, indicate that a court may consider evidence outside of the administrative record when that evidence "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins,* 150 F.3d at 618.

**2.** This analysis also explains why there is no need to decide which standard of review to employ under *Firestone Tire and Rubber Co. v.*

*Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). *See id.* at 115, 109 S.Ct. 948 ("a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."). Moreover, the parties have neither raised the *Bruch* issue, nor cited any plan language suggesting that discretionary review would be appropriate.

## III. Summary Judgment Motions

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> .... an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Assn., Inc.*, 909 F.2d 941, 943–44 (6th Cir.1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Determination of whether an issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court must decide whether the evidence is such that "reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252, 106 S.Ct. 2505.

### B. ERISA Preemption

As an initial matter, this Court rejects Serbin's argument that certain Ohio case law pertaining to contractual disputes falls within ERISA's "saving clause." This clause provides that nothing in ERISA "shall be construed to exempt or relieve any person from any law of any State which regulates insurance ...." 29 U.S.C. § 1144(b)(2)(A). Three criteria are considered in determining whether a state law "regulates insurance" for purposes of the saving clause: (1) whether the law has the effect of transferring or spreading a policyholder's risk; (2) whether it constitutes an integral part of the policy relationship between the insurer and the insured; and (3) whether it is limited to entities within the insurance industry. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48–49, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Courts must also "employ a common-sense understanding of the phrase 'regulates insurance' as it appears in the saving clause." *McMahan v. New England Mut. Life Ins. Co.*, 888 F.2d 426, 429 (6th Cir.1989).

The Ohio cases Serbin cites essentially hold that ambiguities in insurance contracts are to be construed in favor of the insured. *See, e.g., Allied Moulded Prod., Inc. v. Keegan*, 81 Ohio App.3d 424, 611 N.E.2d 377 (1992). These cases are based on general principles of contract interpretation, and do not "regulate insurance" under either the criteria listed above or a common-sense understanding of the saving clause. In *McMahan*, a case indistinguishable from this one, the Sixth Circuit squarely held that similar Kentucky decisional law does not "regulate insurance" for purposes of the saving clause.

*McMahan*, 888 F.2d at 429–30. The court thought it "clear beyond cavil that general principles of contract interpretation do not 'regulate insurance' even if those principles are applied in an insurance context." *Id.* at 429. Serbin neither cites nor attempts to distinguish the well-reasoned *McMahan* opinion. Thus, this Court reiterates that ERISA preempts Serbin's claim for declaratory relief,[3] and concludes that her claim "is not rescued by the statute's saving clause." *Id.* at 430.

## C. Plan Terms

The sole dispute in this case involves the meaning of the insurance plan's reimbursement clause. As described previously, the group insurance certificate provides that if an insured person "has a Claim for Injury against any party for Covered Medical Expenses," then the insured "agrees to pay [Fortis] the amount of benefit [Fortis has] paid recovered by the suit, settlement or otherwise from any party or parties." Fortis argues that this language clearly requires a beneficiary to reimburse Fortis when he or she receives compensation from any third party for medical expenses Fortis paid on his or her behalf Serbin, on the other hand, argues that "a Claim for Injury against any party for Covered Medical Expenses" is a claim against a responsible tortfeasor. She further argues that the clause is, at best, ambiguous in its applicability to a situation in which an insured receives money from his or her own auto insurance company.

■ Serbin is correct that under ERISA law (as well as Ohio law), ambiguous terms in insurance contracts must be construed against the drafter and in favor of the insured. *See Regents of the Univ. of Mich. v. Employees of Agency Rent–A–Car Hosp. Ass'n*, 122 F.3d 336, 340 (6th Cir.1997) ("any ambiguities in the language of the plan [must] be construed strictly against the drafter of the plan"). However, neither Serbin nor Fortis recognize that in the reimbursement context, ambiguity triggers application of a default rule termed "the make-whole rule." The Sixth Circuit adopted this default rule in *Marshall v. Employers Health Ins. Co.*, 1997 WL 809997 (6th Cir.1997).[4] The make-whole rule provides that a plan may not recover expenses it paid unless the insured has been fully compensated for his or her injuries. *Id.* at *3–4. Thus, if a plan fails to specify the extent of its reimbursement or subrogation right, or whether that right supercedes the participant's right to be made whole, then the plan is ambiguous and the make-whole rule will be applied. *See id.* at *4; *Copeland Oaks v. Haupt*, 41 F.Supp.2d 747, 754 (N.D.Ohio 1999) (under *Marshall*, if plan does not explicitly override make-whole rule or claim priority in the event of incomplete recovery, then plan is silent/ambiguous, and make-whole rule applies).

■ Upon consideration of the plan's language, this Court finds the reimbursement clause to be ambiguous or silent regarding the extent of Fortis' rights. First, it is not entirely clear whether Serbin's claim against Commercial Union, her own auto insurance company, is a "Claim for Injury . . . for Covered Medical Expenses." Giving words their plain and ordinary meaning, it is not unreasonable to interpret this phrase as referring to a tort claim.[5] *See Marshall*, 1997 WL 809997, at

---

**3.** Serbin did not raise the saving-clause argument in her motion for remand; she raised it for the first time in her cross-motion for summary judgment. Further, Serbin never amended her complaint to specifically include an ERISA claim, and Fortis never sought dismissal of Serbin's claim on preemption grounds. Because Fortis treats her complaint as one including an ERISA claim, this Court does the same.

**4.** Although *Marshall* is an unpublished opinion, it is the only Sixth Circuit case that addresses the precise issue in this case.

**5.** This Court assumes that the $300,000 Commercial Union paid Serbin involved medical expenses covered by the plan because Serbin does not allege otherwise. Moreover, the record shows that the damage to the vehicle Serbin was driving was covered by yet another insurance policy. *See* Def. Exh. C, at Q.8. This Court further notes that because the plan limits its right of recovery to claims for "cov-

*5 (when interpreting contract, "give words their plain and ordinary meaning"). Second, the reimbursement provision neither explicitly overrides the make-whole rule nor discloses "the extent the insurer's rights take priority over the insured's recovery where the recovery is partial or incomplete." *Community Ins. Co. v. Ohayon,* 73 F.Supp.2d 862, 866 (N.D.Ohio 1999). In short, the reimbursement provision did not adequately inform Serbin "that her efforts to receive partial recovery for her serious injuries and consequent financial loss must take a back seat to [Fortis'] … reimbursement rights." *Hiney Printing Co. v. Brantner,* 75 F.Supp.2d 761, 765 (N.D.Ohio 1999).

■ Because the policy certificate is silent or ambiguous regarding the extent of Fortis' reimbursement rights, the make-whole rule applies. *Marshall,* 1997 WL 809997, at *4. However, as noted previously, Serbin neither mentions the make-whole rule nor claims that she was not fully compensated for her injuries. This is so despite the fact that Fortis both cites *Marshall* in its motion for summary judgment and asserts that Serbin's recovery from Commercial Union was ample. In addition, Serbin failed to proffer any evidence in support of her position other than an affidavit and some correspondence from her attorney. *See* Fed.R.Civ.P. 56(e) (adverse party may not rest upon mere allegations, but must demonstrate genuine issue for trial). Serbin therefore waived her opportunity to argue that she was not made whole by her $300,000 settlement with Commercial Union.

In light of such waiver, this Court assumes that Serbin was compensated for her injuries, and, therefore, finds that Fortis may enforce its reimbursement rights under the plan. *See Hiney Printing,* 75 F.Supp.2d at 761, 766 (plan may enforce reimbursement provision if participant has been fully compensated). Fortis has submitted unchallenged evidence to demonstrate that the plan spent $32,740.70 on Serbin's medical bills as a result of her accident. Thus, Fortis is entitled to judgment as a matter of law on both its counterclaim and Serbin's claim for equitable relief, and Serbin is obligated to reimburse Fortis in the amount of $32,740.70.

## IV. Motion for Pre–Judgment Interest and Fees

■ Fortis also asks for pre-judgment interest and an award of attorney's fees. The decision to grant either pre-judgment interest or attorney's fees lies within the sound discretion of the Court. *See* 29 U.S.C. § 1132(g)(1); *Drennan v. General Motors Corp.,* 977 F.2d 246, 253 (6th Cir. 1992), *reh'g denied, cert. denied,* 508 U.S. 940, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993).

■ "Awards of pre-judgment interest are compensatory, not punitive …." *Id.* A court may also consider whether the losing party has been unjustly enriched. *See Tiemeyer v. Community Mutual Ins. Co.,* 8 F.3d 1094, 1102 (6th Cir. 1993), *cert. denied,* 511 U.S. 1005, 114 S.Ct. 1371, 128 L.Ed.2d 48 (1994). Without any documentary support, Fortis broadly claims that it "lost use of funds necessary to pay claims and benefits to other participants" in the plan. Serbin, on the other hand, argues that she has not been unjustly enriched and that Fortis has not been unduly injured. Serbin spent over $72,000 in attorney's fees to litigate her underinsured motorist claim against Commercial Union; had she not done so, Fortis would not be recovering the monies it expended. In addition, Fortis did not notify the Serbins of the plan's reimbursement rights until 1997, and Serbin moved promptly in initiating a declaratory judgment action. In light of the foregoing, this Court concludes that an award of pre-judgment interest is not appropriate in this case.

ered medical expenses," Serbin is incorrect when she construes Fortis' argument as requiring her to reimburse the plan from her

sick leave benefits, life insurance benefits, or other benefits that would not qualify as claims for covered medical expenses.

Similarly, this Court does not find that Fortis is entitled to an award of attorney's fees. There are at least five factors to consider in determining whether to grant such an award: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy a fee award; (3) the deterrent effect of an award on other persons; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant questions of ERISA law; and (5) the relative merits of the parties' positions. *See Secretary of Dep't of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985) (citations omitted).

This Court finds that these factors disfavor awarding fees to Fortis. As noted above, Serbin moved promptly to clarify her rights in court, and there is no evidence that she acted in bad faith. She spent a considerable amount of money litigating her claims with both Commercial Union and Fortis; she opines, without dispute from Fortis, that she is in no position to pay an award of attorney's fees without significant hardship. Further, there is little reason to believe that an award of fees will deter other participants from challenging ambiguous reimbursement provisions in the future. Even if it can be said that Fortis sought to recover expenses for the benefit of all plan participants, Fortis did not prevail on its argument that the plan "clearly" required reimbursement. In light of these considerations, this Court denies Fortis' request for attorney's fees.

## V. Conclusion

For the foregoing reasons, this Court (1) denies Fortis' motion to convert its pleading; (2) grants summary judgment in favor of Fortis in the amount of $32,740.70; and (3) denies Fortis' requests for prejudgment interest and attorney's fees. This case is hereby closed.

This order is final and appealable.

IT IS SO ORDERED.